# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DELGADO, | Case No. 1:24-cv-01243-KES-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY BE REVERSED, AND THE ACTION BE REMANDED TO THE COMMISSIONER FOR FURTHER PROCEEDINGS |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | |
| Defendant. | (Doc. 14) |
| | 14-DAY DEADLINE |

_____/

## I.    INTRODUCTION

Plaintiff Juan Delgado ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07.  He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 19.)

For the reasons set forth below, the undersigned recommends that Plaintiff's motion for summary judgment be granted, that the final judgment of the Commissioner be reversed, and that the action be remanded to the Commissioner for further proceedings.

## II.    BACKGROUND

On July 22, 2021, Plaintiff filed a claim for SSI payments, alleging he became disabled on January 1, 2007, due to diabetes, high blood pressure, high cholesterol, peripheral neuropathy, anxiety disorder, depression, vitamin deficiency, stomach problems, restless leg syndrome, and paranoia. (Administrative Record ("AR") 25, 32, 109, 120, 328.)  Plaintiff was born in 1971 and was 50 years old on the application date.  (AR 42, 108, 119.)  He has a marginal education (AR 42, 329) and previously worked as a cook (AR 330).

### A.    Relevant Evidence of Record[3]

In August 2023, following a comprehensive psychological evaluation, consultative examiners D. Lund, PsyD, and L. Faurbo, PsyD, opined that Plaintiff's work-related abilities were "not limited" with "performing simple and repetitive tasks"; "markedly limited" with "performing detailed and complex tasks"; "not limited" with regard to "maintaining regular attendance of an eight-hour workday and for a 40-hour workweek"; "not limited" with regard to performing "work activities on a consistent basis"; "not limited" with regard to performing "work activities without special or additional supervision"; "mildly limited" with the "ability to complete a normal workday or workweek without interruptions resulting from the psychiatric condition"; "not limited" with the "ability to accept instructions from supervisors"; "mildly limited" with the "ability to interact with coworkers and with the public"; and "moderately limited" with the "ability to deal with the usual stresses encountered in a competitive work environment."  (AR 645–47.)  Drs. Lund and Faurbo further opined that Plaintiff cannot manage funds independently.  (AR 647.)

### B.    Administrative Proceedings

The Commissioner denied Plaintiff's application for benefits initially on February 9, 2022, and again upon reconsideration on June 7, 2022.  (AR 25, 143–48, 150–55.)  Consequently, Plaintiff

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

requested a hearing before an Administrative Law Judge ("ALJ"). (AR 156.) The ALJ conducted a hearing on March 23, 2023. (AR 50–81.) Plaintiff appeared at the hearing with his attorney and testified as to his work history and alleged disabling conditions. (AR 56–72.) A vocational expert ("VE") also testified at the hearing. (AR 74–79.)

**C.     The ALJ's Decision**

In a decision dated October 31, 2023, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 25–44.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 28–44.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 22, 2021, the application date (step one). (AR 28.) At step two, the ALJ found Plaintiff's following impairments to be severe: diabetes mellitus, osteoarthritis of the knees, bipolar disorder, post-traumatic stress disorder, and antisocial personality disorder. (AR 28–29.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 29–32.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the assessment at steps four and five (AR 32–42). *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform medium work as defined in 20 CFR [§] 416.967(c) except [Plaintiff] is frequently able to climb ramps and stairs, and is occasionally able to climb ladders, ropes and scaffolds. [Plaintiff] [is] frequently able to operate foot controls, bilaterally, and is frequently able to kneel and stoop. [Plaintiff] is occasionally able to crawl and crouch, and should not work in environments subjecting him to concentrated exposure to extreme cold or warm temperatures. [Plaintiff] is able to perform jobs of a non-complex nature requiring the performance of no more than

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

simple, routine tasks, and should not work in occupations requiring hourly or daily production quotas such as assembly line work.

(AR 32.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision."  (AR 34.)

The ALJ determined that Plaintiff did not have any past relevant work (step four) and that, given his RFC, he could perform a significant number of jobs in the national economy (step five). (AR 42–43.)  Finally, the ALJ concluded Plaintiff has not been disabled since July 22, 2021, the application date.  (AR 43–44.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on September 3, 2024.  (AR 1–8.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 416.1481.

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they] are not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

In step one, the ALJ determines whether a claimant is currently engaged in substantial

gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is

susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

**IV.    DISCUSSION**

Plaintiff asserts two allegations of error: (1) the RFC is not supported by substantial evidence because the ALJ failed adequately to address assessed limitations in a credited medical opinion and (2) the ALJ erred in evaluating the persuasiveness of medical opinion evidence. (Doc. 14.) The Commissioner counters that the ALJ (1) appropriately considered the medical evidence and translated credited medical opinions into the assessed RFC and (2) properly considered the opinion evidence. (Doc. 18.)

The undersigned agrees with Plaintiff that the assessed RFC is not supported by substantial evidence, as the ALJ did not adequately address whether and how it accounts for credited medical opinion evidence regarding Plaintiff's moderate limitation in stress tolerance, and on that basis will recommend that the decision be reversed and the action be remanded for further proceedings.[5]

---

[5] Because further proceedings will necessitate the re-evaluation of the evidence as a whole, *see infra*, the undersigned recommends not reaching the issue of the ALJ's treatment of the medical opinion evidence. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach

## A.    Legal Standard

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins*, 466 F.3d at 883.  "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine*, 574 F.3d at 690.

"Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020); *see also Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record.  But, having clearly stated that he was according [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC."); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3–5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC); *Neufeld v. Berryhill*, No. 2:16-cv-03644 (VEB), 2018 WL 4739699, at *6 (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr.

[plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256, at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."). An ALJ errs when they do not explain why they did not adopt all findings or limitations from a persuasive opinion. *Patterson v. Comm'r of Social Sec.*, No. 2:23-cv-00635 AC, 2024 WL 4216810, at *8 (E.D. Cal. Sept. 17, 2024).

**B.    Analysis**

As set forth above, and as pertinent here, consultative examiners Drs. Lund and Faurbo opined that Plaintiff was "moderately limited" with the "ability to deal with the usual stresses encountered in a competitive work environment." (AR 647.) The ALJ found the opinion "persuasive, as it supported by objective findings, standardized testing, and direct observation." (AR 40.)

The question before the undersigned is whether the ALJ, having deemed Drs. Lund's and Faurbo's opinion persuasive, "appropriately translated the moderate limitation[] from that opinion into concrete restrictions in the RFC." *Harrell*, 2021 WL 4429416, at *6–7; *see also id.* ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC."). In answering this question, the undersigned is mindful that an ALJ's RFC findings need only be consistent with assessed limitations and not identical to them. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222–23 (9th Cir. 2010); *Wascovich*, 2019 WL 4572084, at *5 ("This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.'"); *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *Ashlock v. Kijakazi*, No. 1:21-cv-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022) ("The RFC need not mirror a particular opinion; it is an assessment formulated by the ALJ based on all relevant evidence.").

Here, it is not clear from the ALJ's decision if—and if so, how—the ALJ may have incorporated into the assessed RFC the opined moderate limitation in Drs. Lund's and Faurbo's persuasive opinion regarding Plaintiff's ability to "deal with the usual stresses encountered in a

competitive work environment." [6] *See Wascovich*, 2019 WL 4572084, at *5. The Commissioner asserts that this limitation was adequately accounted for by the limitation to simple work. (Doc. 18 at 5 (citing *Messerli v. Berryhill*, No. 1:16-cv-00800-SKO, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017).) However, the undersigned finds that "the weight of more recent case law [] tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to . . . handle stress." *Macquarrie v. Comm'r of Soc. Sec.*, No. 1:21-CV-00072-CDB, 2023 WL 8242069, at *6 (E.D. Cal. Nov. 28, 2023); *Slover v. Kijakazi*, No. 1:21-cv-01089-ADA-BAM, 2023 WL 5488416, at *4 (E.D. Cal. Aug. 24, 2023); *Ramirez v. Kijakazi*, No. 1:22-cv-00445-GSA, 2023 WL 4409853, at *5 (E.D. Cal. July 7, 2023) (explaining that "case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for all moderate limitations"); *Harrell*, 2021 WL 4429416, at *7 (collecting cases); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5 (E.D. Cal. Jan. 6, 2020) (finding that a restriction to simple, routine tasks does not account for mental limitations in the ability to deal with stress and changes encountered in the workplace); *Sahyoun*, 2020 WL 1492661, at *4 (rejecting argument that the RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured a moderate limitation in handling normal work-related stress). The undersigned therefore finds that the ALJ's decision to limit Plaintiff to work consisting of "simple, routine tasks" did not adequately address or account for Drs. Lund's and Faurbo's moderate limitation as to Plaintiff's ability to "deal with the usual stresses encountered in a competitive work environment."

Because the ALJ credited Drs. Lund's and Faurbo's opinion, the ALJ needed to address either (1) how they translated the opined moderate limitation into the RFC, or (2) why they did not. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008). Absent an explanation for failing to account for this limitation, the ALJ's RFC determination is not supported by substantial evidence. *See Christopher S. Z. v. O'Malley*, No. 2:23-CV-09446-DTB, 2024 WL 6916748, at *4 (C.D. Cal.

---

[6] Both parties appear to suggest that the moderate limitation at issue is a "limitation in maintaining attendance." (*See* Doc. 14 at 10–11; Doc. 18 at 4–5.) But Drs. Lund and Faurbo dealt with attendance separately, opining that Plaintiff was "not limited" with regard to "maintaining regular attendance of an eight-hour workday and for a 40-hour workweek." (AR 646.) The cases on which the parties rely, which concern limitations in "completing a normal workday and workweek" and "areas of sustained concentration and persistence," are therefore not persuasive.

Oct. 15, 2024); *Sahyoun*, 2020 WL 1492661, at *3; *Robbins*, 466 F.3d at 886 ("an ALJ is not free to disregard properly supported limitations"); *Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *6 (C.D. Cal. Jan. 26, 2021); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC.  As a result, the ALJ erred in formulating the RFC."); *Wiles v. Berryhill*, No. 2:16-cv-09558-GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017).

Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

**C.     Harmlessness Review**

The undersigned must now consider whether the ALJ's error was harmless.  *Molina*, 674 F.3d at 1115.  Courts look to the record as a whole to determine whether the error alters the outcome of the case. *Id*.; *March v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015).  An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citations omitted).

The undersigned cannot conclude that the error is harmless as it is not clear whether inclusion of the unaddressed moderate limitations as opined by Drs. Lund and Faurbo would have eliminated available jobs.  Moderate limitations are not per se disabling, but they may translate into more concrete work restrictions. *See Macquarrie*, 2023 WL 8242069, at *7.  For example, the VE testified that if a person "could not adapt to gradual change in a workplace," any such person would not be able to "maintain employment." (AR 78–79).  Likewise, the VE testified that a limitation of being off task 15 percent of the time would be work preclusive. (AR 76–78.)  Additionally, the VE testified that a person absent three or four days a month would preclude all work. (AR 79.)

Had the ALJ included different limitations in the RFC based upon a proper review of the evidence, the ultimate disability determination may have been different.   Because the undersigned cannot find that the error was "inconsequential to the ultimate nondisability determination," the undersigned recommends that this matter be remanded to the Commissioner for further administrative proceedings. *Molina*, 674 F.3d at 1115.

**D.     Remedy**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits.  Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the undersigned finds that remand for further proceedings is warranted.  *See, e.g., Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (affirming a remand for further proceedings where the ALJ failed to explain with sufficient specificity the basis for rejecting the claimant's testimony); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (remanding the case "for further findings evaluating the credibility of [the claimant's] subjective complaints").  On remand, the ALJ shall either incorporate all of the limitations assessed by Drs. Lund and Faurbo into the assessed RFC or explain why any such limitation(s) is not incorporated.

## V.     FINDINGS AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's motion for summary judgment (Doc. 14) be GRANTED;

2.     The final decision of the Commissioner of Social Security be REVERSED;

3.     This matter be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision; and

4.     The Clerk of Court be DIRECTED to enter judgment in favor of Plaintiff Juan Delgado, and against Defendant Commissioner of Social Security, and to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of these recommendations, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The District Judge will review the Magistrate Judge's findings and recommendations pursuant

11

to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 28, 2026**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE